Snipe v. Shriner.

---

SARAH SNIPE, PLAINTIFF IN ERROR, v. SARAH E. SHRINER, DEFENDANT IN ERROR.

1. The power of the legislature to lay general taxes for the support of government being unlimited, it is competent for the legislature to pass a law making taxes on real estate for such purpose a charge on the person.
2. The object of the fifth section of the act of March 27th, 1874, (*Pamph. L., p.* 506,) is sufficiently expressed in the title of that act to comply with the requirement of the state constitution in that respect.

---

In error to the Supreme Court.

For the plaintiff in error, *S. B. Ransom.*

For the defendant in error, *Traphagen & Beekman.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The plaintiff below, Sarah E. Shriner, and the defendant, Sarah Snipe, owned adjacent lots of land in Jersey City, which were assessed for taxes in the years

1877, 1878 and 1879,. Through mistake as to the numbers of the lots, Mrs. Shriner paid the tax-collector the taxes on Mrs. Snipe's lots instead of the taxes on the lots owned by herself. The evidence shows that she did not discover her mistake until 1880. Thereupon she brought suit in the Hudson Circuit Court under the fifth section of the act of March 27th, 1874, (*Pamph. L.*, *p.* 506,) to recover from Mrs. Snipe the amount she had so paid for her benefit. This writ of error was sued out to review the judgment recovered by Mrs. Shriner in that suit, for the amount of her claim.

The act authorizing the suit to be instituted is entitled, " An act to re-organize the local government of Jersey City."

The fifth section reads as follows : " That, if any tax-assessment or water-rent shall be paid by any person other than the owner, on any lands in Jersey City, through mistake or ignorance, when by agreement or law the same ought to have been paid by the owner, it shall be lawful for the person, paying the same, to sue for and recover of such owner or other person who should have paid the same, the amount of such tax or water-rent, with interest and costs of suit, in any court having cognizance thereof, as so much money paid for the use of the person who ought to have paid the same, and the proof of such tax-assessment or water-rent, and of the payment thereof, shall be *prima facie* evidence of the right of the plaintiff to recover in such suit."

It satisfactorily appearing that Mrs. Snipe ought to have paid these taxes, and that Mrs. Shriner paid them by mistake, it is necessary to notice only two of the grounds upon which Mrs. Snipe, the plaintiff in error, asks for reversal.

The first reason relied upon is that, by law, the tax burdened only the land of Mrs. Snipe ; that no personal liability rested upon her to pay it, and that she had a right to abandon the lands to the city in preference to paying the tax. In the absence of legislative interference, imposing a personal liability, the contention would be well founded. The power of the legislature to lay general taxes for the support of government being unlimited, there can be no doubt that it was com-

petent for the law-maker to create this right of action against the person. The act rests exclusively upon this ground for its validity.

The second objection is, that the fifth section is unconstitutional, because there is nothing in the title of the act to express its object.

Under the rule established in this state, in *Walter* v. *Town of Union*, 4 *Vroom* 350, and in the subsequent adjudications on this subject, it was undoubtedly competent, under the title of this act, to create machinery for the collection and adjustment of taxes, and to engraft upon it any mode of effecting the end in view that fairly pertains to the subject, which is a comprehensive one.

In the multitude of transactions between the city and its vast body of tax-payers, mistakes will inevitably occur. The law in question may fairly be regarded as part of the machinery for the collection and adjustment of taxes between the city and its tax-payers, instead of resorting to circuity of action to correct the errors which are committed.

Viewed in that light, it is embraced by the object expressed in the title of this legislation.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, GREEN, PATERSON, WHITAKER. 12.

*For reversal*—None.